UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:21-cv-60922

REYES VILMA,

       Plaintiff,

v.

ACCOUNTS RECEIVABLE
MANAGEMENT, INC., AND PHYSICIAN
PRACTICES OF MSMC, LLC,

       Defendant.
_____/

## DEFENDANT, ACCOUNTS RECEIVABLE MANAGEMENT, INC.'S PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant, Accounts Receivable Management, Inc. ("ARM"), by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and states as follows:

1. Defendant, Accounts Receivable Management, Inc. is the named Defendant in a civil action brought against it in the County Court, in and for Broward County, Florida, styled: *Reyes Vilma v. Accounts Receivable Management, Inc., Case No.: COCE-21-015299.* A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant, will be docketed separately by the Clerk.

2. That the aforesaid action was filed with the Clerk of the County Court in Broward County and service of process of said Summons and Complaint, was served upon the Defendant,

1

Accounts Receivable Management, Inc. on March 31, 2021.

3. That the controversy herein between the Plaintiff and Defendant is a controversy based upon consumer protection rights created by and enforced through federal statutes. In this case, Plaintiff attempts to bring a pleading for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA").

4. That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction. Further, this Petition for Removal is being submitted to this Court within 30 days after service on Defendant, ARM of the original Complaint, and is therefore, timely pursuant to 28 U.S.C. §1446(b).

WHEREFORE, Defendant, Accounts Receivable Management, Inc. respectfully requests that this Honorable Court enter its Order removing the entire case from the County Court, in and for Broward County, to the United States District Court, Southern District of Florida, Fort Lauderdale Division.

## **MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL**

### Statement of the Case and Facts

The instant suit is a civil action which includes a federal question, specifically, a claim that the Defendant, Accounts Receivable Management, Inc. allegedly violated Plaintiff's consumer protection rights under the federal Fair Debt Collection Practices Act, namely, 15 U.S.C. Section 1692. The Complaint seeks an award of damages against the Defendant for alleged actions taken during the course of debt collection attempts by the Defendant against the Plaintiff, which are

asserted to violate the FDCPA. Plaintiff seeks statutory, actual, and/or punitive damages and seeks judgment for those damages against the Defendant for this alleged conduct.

## Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331.  Section 1331 states as follows:

"§1331.  Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331. This Honorable Court therefore has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

*"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ."*

Given that this action is one over which the United States District Court for the Southern District of Florida, Fort Lauderdale Division, would have original jurisdiction, this case may properly be removed by Defendant pursuant to 28 U.S.C. §1446(a) which provides:

*"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, Defendant, Accounts Receivable Management, Inc. has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.

## Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Additionally, that each defendant shall have thirty (30) days after receipt by service on that defendant of the initial pleading or summons to file the notice of removal. Here, the original Complaint was filed with the Court and subsequently served upon ARM on March 31, 2021. Accordingly, this Petition for Removal is being submitted to this Court less than thirty (30) days from service of the Complaint on Defendant, ARM.

## Consent of Co-Defendants

Physician Practices of MSMC, LLC was voluntarily dismissed as a party defendant to this action on April 29, 2021, and consent is not necessary.

## Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action. 28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

As such, Plaintiff's claims for violations of the Florida Consumer Collection Practices Act (FCCPA) will have arisen out of the same factual allegations as the claims under the FDCPA.

## Conclusion

For the foregoing reasons, this Honorable Court should grant Defendant, Accounts Receivable Management, Inc.'s Petition and enter an Order removing the entire case from the County Court, in and for Broward County, to the United States District Court, Southern District of Florida, Fort Lauderdale Division.

Dated this **29th day of April, 2021.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No. 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Accounts Receivable Management, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **April 29, 2021**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com and Thomas J. Patti, Esquire at tom@ jibraellaw.com; *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Accounts Receivable Management, Inc.*